## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, <br> 1300 L Street, N.W. <br> Washington, DC 20005, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br> 475 L'Enfant Plaza, S.W. <br> Washington, DC 20260, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1.  This is an action for breach of a collective bargaining agreement brought in accordance with Section 1208 (b) of the Postal Reorganization Act, 39 U.S.C. § 1208 (b), by the American Postal Workers Union, AFL-CIO ("APWU" or "the Union"), against the United States Postal Service.  In this action, Plaintiff seeks an order from the Court vacating an arbitrator's award in a labor dispute between the parties where the Arbitrator exceeded his authority and made an award that did not draw its essence from the parties' collective bargaining agreement.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction in this case and over the parties under 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331 and 1339.

3.  Venue is proper pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff American Postal Workers Union, AFL-CIO is an unincorporated labor organization with offices at 1300 L Street, N.W., Washington, DC 20005. Plaintiff is party to a collective bargaining agreement with Defendant and represents, for purposes of collective bargaining, approximately 325,000 employees of Defendant.

5. Defendant United States Postal Service (hereinafter "USPS" or "the Postal Service") is, pursuant to 39 U.S.C. § 201, an independent establishment of the Executive Branch of the United States Government. Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., Washington, DC 20260.

## STATEMENT OF FACTS

6. At all material times, Plaintiff APWU and Defendant USPS have been parties to a collective bargaining agreement providing the terms and conditions of employment of the employees in a bargaining unit represented by Plaintiff at Defendant's various facilities, including the Postal Service's Processing and Distribution Center in Columbus, Ohio. The dispute which is the subject of this Complaint arose under the collective bargaining agreement (hereinafter referred to as "the National Agreement") between the Parties which was in effect from November 21, 2000, through November 20, 2005.

7. Under the National Agreement, there is a grievance procedure leading to arbitration before a neutral arbitrator in the event the parties are unable to resolve a grievance through the grievance procedure.

8. The grievance underlying this lawsuit was filed by the APWU to challenge the removal (discharge) of Grievant Otis I. Coldren, III on charges that Coldren had engaged in improper

conduct by misappropriating Postal funds. Defendant USPS denied the Union's grievance at Steps 1, 2, and 3 of the contractual grievance procedure, and the Union appealed the grievance to arbitration at the Regional level in accordance with the provisions of Article 15 of the National Agreement.

9. The APWU's grievance alleged that the Postal Service's action in removing Coldren violated Article 16 of the National Agreement because the removal was without "just cause."

10. The arbitration hearing on the Union's grievance was held before Arbitrator Jerry Fullmer on April 12, 2005, in APWU Case No. 1141226KS and USPS Case No. C00C-4C-D 05017281.

11. Article 15, Section 5(6) of the National Agreement states in pertinent part that:

> All decisions of an arbitrator will be final and binding. All decisions of arbitrators shall be limited to the terms and provisions of this Agreement, and in no event may the terms and provisions of this Agreement be altered, amended, or modified by an arbitrator.

12. Article 16, Section 1 of the National Agreement states in pertinent part that:

> No employee may be disciplined or discharged except for just cause...Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay.

13. Arbitrator Fullmer issued an Award on the grievance concerning Grievant Coldren on April 26, 2005. Arbitrator Fullmer stated in the "Conclusion" section of the Award that:

> Based on the above discussion the conclusion is that the grievance must be sustained on the basis that the removal improperly relied upon elements of record which were invalid. The remedy does not include reinstatement because the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200.00 to $250.00 to use for personal incidentals. To the extent that it may not

      otherwise be clear, the issue concerning the merits is answered in the negative, i.e. the removal of the Grievant Otis I. Coldren III on November 8, 2004 was not for just cause. The award draws its essence from the arbitrator's interpretation of Article 16, Section 1 of the parties' agreement.

14.    In accordance with the National Agreement, APWU bargaining unit employees can be removed from Postal employment only for just cause, and arbitrators are not authorized by the National Agreement to sustain the Postal Service's removal of an employee where the arbitrators find there is no just cause for the removal.

15.    For these reasons, Arbitrator Fullmer exceeded the authority given him by the terms of the National Agreement in making his award dated April 26, 2005.

16.    For these reasons, Arbitrator Fullmer's Award, dated April 26, 2005, did not draw its essence from the National Agreement.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court issue a decision and order

(1) Vacating Arbitrator Fullmer's Award dated April 26, 2005, because the Arbitrator exceeded his authority under the National Agreement and issued an award that did not draw its essence from the National Agreement; and

(2) Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date: July 20, 2005          By: _____
                             Melinda K. Holmes (DC Bar No. 458043)
                             mholmes@odsalaw.com
                             1300 L Street, N.W., Suite 1200
                             Washington, DC 20005-4126
                             (202) 898-1707
                             Fax (202) 682-9276