**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-1430 (JR) |
| v. | ) ) | |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant United States Postal Service ("USPS") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the above-captioned action against it. In the alternative, USPS moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. These motions should be granted because Plaintiff ("APWU") has failed to state a claim upon which relief can be granted, and because the material facts underlying the action are not in dispute and Defendant is entitled to judgment as a matter of law. In support of these motions, USPS relies on the attached Memorandum of Points and Authorities, the accompanying three exhibits, and the Statement of Material Facts Not as to which There Is No Genuine Dispute. A proposed Order is also submitted with this motion.

Respectfully submitted,


_____

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____

KATHLEEN KONOPKA
Assistant United States Attorney

October 7, 2005

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION,<br> AFL-CIO,<br><br><br><br>                            Plaintiff,<br><br>              v.<br><br>UNITED STATES POSTAL SERVICE,<br><br><br>                         Defendant. | )<br>)<br>)<br>)<br>)     Civil Action No. 05-1430 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT**

Defendant United States Postal Service ("USPS") respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss, or in the Alternative for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. These motions should be granted because Plaintiff ("APWU") has failed to state a claim upon which relief can be granted, and because the material facts underlying the action are not in dispute and Defendant is entitled to judgment as a matter of law.

**INTRODUCTION**

Plaintiff has brought this action seeking to vacate the arbitrator's decision sustaining its grievance against USPS and awarding the employee expungement of the record of his removal and back pay, but denying reinstatement. (Complaint "Compl." at ¶ 1, ¶ 13). APWU alleges in its complaint that the arbitrator exceeded his authority by refusing to grant reinstatement to the

employee, whom the arbitrator found had misappropriated postal funds, and that this decision did

not "draw its essence" from the parties' collective bargaining agreement. (Compl at ¶ 1). The

Court should grant dismissal or summary judgment in this case because 1) Plaintiff failed to

request reinstatement in either its grievance or at the inception of arbitration, thus this remedy

was not properly before the arbitrator, and 2) the arbitrator's decision is unreviewable by this

Court because it correctly "draws its essence from the collective bargaining agreement" that

exists between the parties in this case. Thus, Plaintiff's claims are properly subject to dismissal,

and Defendant is entitled to judgment as a matter of law.

<u>**STATEMENT OF THE CASE**</u>

Otis I. Coldren III is a former postal clerk who worked at the Philatelic Branch of the

West Worthington, Ohio Post Office. (Abitrator's Award ("Award") at 1).[1] On November 8,

2004, USPS sent Mr. Coldren a Notice of Proposed Removal based on Improper Conduct. (Id. at

4). Specifically, the notice referenced an October 13, 2004, interview with Postal Inspector

Tammy Doyle in which Coldren admitted to using approximately $200 to $250 of Postal Service

funds for "personal expenses." (Id. at 4-5). The notice also referred to prior infractions in

Coldren's record, including letters of warning for unsatisfactory performance and attendance and

a prior suspension. (Id. at 5). USPS finalized Coldren's removal in a "letter of decision" dated

December 15, 2004. ("Exh 1"). The decision noted Coldren's disciplinary record, but stated that

the theft of postal funds "is a very serious offense and this infraction alone warrants your

removal." (Exh. 1 at 1).

The collective bargaining agreement ("CBA") between USPS and APWU provides a

---

[1]    The Arbitrator's Award is attached to Plaintiff's complaint.

2

multi-step grievance process for contesting removal or other disciplinary action. (See Compl. at ¶ 6-8; Excerpts of CBA ("Exh. 2")). The APWU, on Mr. Coldren's behalf, availed itself of this process, alleging that USPS's removal of Coldren had been "without just cause." (Compl. at ¶ 9; Step Two Grievance Papers ("Exh. 3") at 2). In support of its grievance, APWU relied on Article 16, Section 1 of the CBA, which provides:

> No employee may be disciplined except for just cause such as, but not limited to, insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work as requested, violation of the terms of this Agreement, or failure to observe safety rules and regulations.

(Compl. at ¶12 (with omitted text restored); Exh. 2 at 4 (emphasis added)).

Following USPS's initial denial of APWU's grievance, APWU appealed to Step two of the process. (Compl. at ¶ 8). Pursuant to Article 15, Section 2 of the CBA, this appeal required APWU to "make a full and detailed statement of facts relied upon, contractual provisions involved, and remedy sought." (Exh. 2 at 2-3). In writing and at the meeting for the Step two appeal, APWU stated the remedy sought as "expunge the instant removal from all records and recompense the grievant for any losses in wages and/or benefits." (Exh. 3 at 4, 6). The Step two decision denying APWU's grievance reiterated that the only remedies sought by the union were expungement and back pay. (Exh. 3 at 4). Article 15, Section 2 of the CBA specifies that the union must submit written corrections within ten days of the Step two decision if it believes there to be any inaccuracies. (Exh. 2 at 3).

Following APWU's failure to prevail on its appeal through Step three of the grievance process, the parties agreed to arbitration as provided for by the CBA. (Comp. at ¶ 8). Pursuant to Article 15, Section 5(A)(6) of the CBA, "[a]ll decisions of an arbitrator will be final and binding." (Compl. at ¶ 11; Exh. 2 at 4).

On April 12, 2005, a hearing was held before Arbitrator Jerry Fullmer. (Compl. at ¶ 10). Arbitrator Fullmer found that Coldren misappropriated postal funds for his own use, which "is extremely serious. Simply put, taking postal funds to pay for personal expenses is a violation of innumerable postal rules and regulations, if not a crime . . ." (Award at 9-10). However, he sustained APWU's grievance because the prior infractions that USPS referred to in its notice of removal had been expunged and no longer were legitimately part of Coldren's record. (Id. at 8-9). "[T]he consideration of invalid elements of record in a disciplinary action taints the action taken simply because it shows reliance on something that is invalid." (Id. at 8). The arbitrator went on to say that, an "element" of his decision is that "[t]he employer should be expected to keep its disciplinary records straight," and that "reliance on invalid prior elements of record in reaching a removal decision is a violation of just cause <u>concepts</u>." (Id. at 8-9) (emphasis added).

Turning to remedy, the arbitrator noted APWU's papers included only expungement of the removal and recompense for lost wages and benefits. (Id. at 9). Moreover, APWU failed to address the issue of remedies in its opening statement. (Id.). Thus, Arbitrator Fullmer found a "technical justification" for denying reinstatement in this case because "the whole grievance procedure and the hearing were conducted on the basis of reinstatement not being in play." (Id.). The arbitrator went on, however, to find that reinstatement would not be appropriate in any case, because "the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200 to $250 to use for personal incidentals." (Id. at 14). Finally, the award indicated that it drew "its essence from the arbitrator's interpretation of Article 16, Section 1 of the parties' agreement." (Id.).

# ARGUMENT

## A.    Legal Standards for Dismissal and Summary Judgment

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.  See Sullivan-Obst v. Powell, 300 F. Supp. 2d 85, 91 (D.D.C. 2004).  The Court may grant such a motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  Thus, in resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true and draw all reasonable inferences therefrom in the plaintiff's favor.  See Macharia v.United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), cert. denied, 540 U.S. 1149 (2004); Holy Land Foundation v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003), cert. denied, 540 U.S. 1218 (2004).  On the other hand, the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  See Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 1993).

Federal Rule of Civil Procedure 12(c) specifies that when "matters outside the pleadings are presented to and not excluded by the court,  the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Therefore, when materials outside the complaint are considered, the proper course of action is to convert the motion to dismiss into a motion for summary judgment.  See Air Line Pilots Ass'n v. PBGC, 193 F.Supp.2d 209, 215 (D.D.C. 2002), aff'd, 334 F.3d 93 (D.C. Cir. 2003).

Summary judgment is appropriate when the pleadings together with affidavits, if any, establish that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R.Civ. P. 56.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," the Court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby,Inc., 477 U.S. 242, 248 (1986).  Material factual disputes are genuine only if a reasonable fact finder could render a verdict for the nonmovant.  Id. at 248-249.

In ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Anderson, 477 U.S. at 255.  However, a nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. Id. at 252.  Indeed,  the moving party may prevail by pointing to the absence of evidence proffered by the nonmovant. Celotex, 477 U.S. at 322.

Factual assertions contained in affidavits and other evidence submitted in support of a motion for summary judgment may be accepted as true unless specifically controverted by the nonmoving party with competent evidence.  See Fed. R. Civ. P. 56(e). The nonmoving party may not rely solely on allegations or conclusory statements.  See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993).  Indeed, if the nonmoving party's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted).

6

**B.    The Arbitral Award in this Case is Unreviewable Because It Did Not Exceed the Arbitrator's Authority and Properly Drew Its Essence from the Collective Bargaining Agreement Between the Parties.**

"It cannot be gainsaid that federal policy favors the peaceful resolution of labor disputes through arbitration." OPEIU v. WMATA, 724 F.2d 133, 137 (D.C. Cir. 1983). Moreover, "a principal characteristic of the common law of arbitration is judicial deference to arbitral decisions." Devine v. White, 697 F.2d 421, 435 (D.C. Cir. 1983). "If parties to arbitration could freely relitigate their complaints in the courts, arbitration would cease to be a method to achieve prompt resolution of conflict, but would instead become a new layer of review, and a new cause for delay." OPEIU, 724 F.2d at 137. Indeed, "[t]he case must present some egregious deviation from the norm before [the courts] will abandon the firmly-established principle of deference." Nat'l Football League Players Assoc. v. Office and Prof. Employees Union, 947 F. Supp. 540, 545 (D.D.C. 1996) (quoting OPEIU 724 F.2d at 137). See APWU v. U.S. Postal Serv., 789 F.2d 1, 3 (D.C. Cir. 1986) (an arbitrator's reading of the contract is entitled to enforcement unless the award itself violates established law or seeks to compel some unlawful action).

Thus, it is well settled that the scope of review of labor arbitration awards is "extremely narrow." APWU v. U.S. Postal Serv., 52 F.3d 359, 361 (D.C. Cir. 1995). "Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute." W.R. Grace and Co. v. Local Union 759, 461 U.S. 757, 764 (1983). See United Paperworkers International Unition v. Misco, 484 U.S. 29, 36 (1987) (as long as the arbitrator's award draws its essence from the collective bargaining agreement and it not merely his own brand of industrial justice,

7

the award is legitimate); <u>United Steelworkers of America v. Enterprise Wheel and Car Corp.</u>, 363 U.S. 593, 596 (1960) (the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements); <u>APWU,</u> 789 F.2d at 5 (it is the arbitrator's construction which was bargained for; as long as the arbitrator's decision concerns construction of the contract, courts have no business overruling him because they have a different interpretation); <u>OPIEU,</u> 724 F.2d at 140-141 (courts have no business weighing the merits of a grievance or considering whether there is equity in a particular claim). Moreover, "[t]his remains so even when the basis for the arbitrator's decision may be ambiguous." <u>W.R. Grace</u>, 461 U.S. at 764.

The APWU alleges that, despite this exceedingly deferential standard, it is entitled to judicial intervention in this case because the arbitrator "exceeded his authority and made an award that did not draw its essence from the parties' collective bargaining agreement" by refusing to reinstate the employee. (Compl. at ¶ 1). The undisputed facts, however, do not support such a conclusion.

An arbitrator derives his authority from two sources: the collective bargaining agreement, and the submissions of the parties to the arbitrator. <u>See Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.,</u> 442 F.2d 1234, 1236 (D.C. Cir. 1971). While Article 16, Section 1 of the CBA at issue in this case provides reinstatement as a remedy available to the arbitrator in settling labor disputes, "any such . . . discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay," (Exh. 2 at 4), Article 15, Section 2 of the same agreement requires the union to submit a detailed statement of its requested remedies at the second step of

8

the grievance procedure and to correct any inaccuracies in the Step two decision regarding the remedies sought. (Exh. 2 at 2-3). APWU failed to do this, or address the issue in its opening statement at the arbitration hearing. (See Exh. 3 at 6; Award at 9). Thus, as the arbitrator noted, "the whole grievance procedure and the hearing were conducted on the basis of reinstatement not being in play." (Award at 9). Not only was the arbitrator not required to consider this remedy in his decision, but it may have been error for him to do so. See Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 281 (1st Cir. 1983) (back pay remedy vacated where not provided for in the parties' submissions). Moreover, it is settled law that an administrative decision cannot be set aside based on an argument that was not made administratively at the appropriate time. See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice").

In any case, APWU has not and cannot set forth facts which would prompt the conclusion that the arbitrator's decision in this case necessarily did not "draw its essence from the collective bargaining agreement." The Supreme Court has made clear that "[a] mere ambiguity in the opinion accompanying a award, which permits an inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce an award." Enterprise Wheel, 363 U.S. at 598. Thus, if any reading of an arbitrator's decision brings it within the ambit of the agreement and the arbitrator's authority, judicial intervention is not appropriate. Id. at 597-598. See Misco, 484 U.S. at 37-38 (as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision).

9

APWU asserts in this case that the arbitrator upheld the removal of an employee after having failed to find "just cause" in contravention of Article 16, Section 1 of the CBA. (Compl. at ¶ 14). This is neither the only, nor even an appropriate reading of the arbitrator's award, and, as a conclusion without factual support, not entitled to deference under either the dismissal or summary judgment standards. See Warren, 353 F.3d at 37; Greene, 164 F.3d at 675.

Indeed, it is clear from the arbitrator's award that he rejected APWU's arguments that the employee's confession should be disregarded and found that "the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200 to $250 to use for personal incidentals." (Award at 11-14). Pursuant to Article 16, Section 1 of the CBA "pilferage," constitutes "just cause" for removal. (Exh. 2 at 4). Thus, the arbitrator's award indicates that he sustained APWU's grievance not because just cause for the employee's removal did not exist, but because USPS had apparently also relied on the employee's prior disciplinary infractions, which had been subsequently expunged: "consideration of invalid elements of record in a disciplinary action taints the action simply because it shows reliance on something that is invalid" and "is a violation of just cause concepts." (Award at 8-9).

Moreover, contrary to APWU's claim, the arbitrator did not sustain USPS's removal of the employee in this case; he sustained APWU's grievance of the removal. (Award at 14). The arbitrator simply did not grant APWU a remedy that it did not request and that the arbitrator found to be inappropriate under the circumstances. (See Award at 14). Article 16, Section 1 of the CBA does not require that the remedy of reinstatement be granted: "which could result in reinstatement and restitution, including back pay," (emphasis added), and the Supreme Court has noted that the wide latitude granted arbitral decisions "is especially true when it comes to

10

formulating remedies.  There the need is for flexibility in meeting a wide variety of situations."
Enterprise Wheel, 363 U.S. at 597.  See Courier-Citizen Co., 702 F.2d at 281 (an arbitrator has broad power to fashion remedies).

It is not apparent in this case that the arbitrator exceeded his authority or failed to draw his decision's essence from the CBA between the parties.  Thus, in light of the substantial deference accorded such decisions, judicial intervention is not appropriate, and this matter should be dismissed or summary judgment should be granted.  Any ambiguity in the arbitrator's award does not warrant another result. See Enterprise Wheel, 363 U.S. at 598 (ambiguity does not provide a reason to assume that arbitrator failed to stay within authority); OPEIU, 724 F.2d at 140 (a court is bound to enforce the award even when the basis for the arbitrator's decision is ambiguous).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss or alternative motion for summary judgment.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE
 DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney
555 Fourth Street, NW, Room E4412
Washington, DC 20009
202/616-5309

.
October 7, 2005

Of Counsel:

TERESA  A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252

12