UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-1430 (JR) |
| v. | ) ) ) | |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACT AS TO WHICH THERE IS NO GENUINE DISPUTE**

In support of the Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, and pursuant to Local Rule 7.1(h), the defendant submits the following statement of material fact to which there is no genuine dispute:

1. On November 8, 2004, the U.S. Postal Service ("USPS") sent a Notice of Proposed Removal to Otis I. Coldren III, a postal clerk employed at the Philatelic Branch of the West Worthington, Ohio Post Office. (Arbitrator's Award Attached to Plaintiff's Complaint ("Award") at 1).

2. As grounds for the Notice, USPS cited Mr. Coldren's confession to misappropriating postal funds in the amount of $200 or $250 made to Postal Inspector Tammy Doyle and prior disciplinary infractions in Coldren's record including letters of warning for unsatisfactory performance and attendance and a prior suspension. (Award at 4-5).

3. Coldren's prior disciplinary infractions had been expunged from his record prior to the

issuance of the Notice of Proposed Removal on November 8, 2004.  (Award at 8).

4.      USPS finalized Mr. Coldren's removal in a "letter of decision" dated December 15, 2004. (Exh. 1).

5.      The collective bargaining agreement ("CBA") between the parties in this case provides for a multi-step grievance procedure for contesting removal.  (Complaint "Compl." at ¶ 6-8; Exh. 2).

6.      APWU, on Mr. Coldren's behalf, availed itself of this process, alleging that USPS's removal of Coldren was "without just cause."

7.      Article 16, Section 1 of the CBA provides that:

> No employee may be disciplined except for just cause such as, but not limited to, insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work at requested, violation of the terms of this Agreement, or failure to observe safety rules and regulations.

(Compl. at ¶ 12 (with omitted text restored); Exh. 2 at 4).

8.      APWU did not include reinstatement as a remedy sought in its papers appealing to Step two of the grievance procedure and did not move to correct the Step two decision's statement that the only remedies sought were expungement and back pay.  (Exh. 3 at 4, 6).  APWU did not address remedies in its opening statements before the arbitrator.  (Award at 9).

9.      Article 15, Section 2 of the CBA requires APWU to "make a full and detailed statement of facts relied upon, contractual provisions involved, and remedy sought" during Step two of the grievance procedure.  (Exh. 2 at 2-3).  This section also requires APWU to "within ten days of the receipt of the Step 2 decision, transmit to Employer's representative a written statement setting forth corrections or additions deemed necessary by the Union."  (Exh. 2 at 3).

10.     Following APWU's failure to prevail on its appeal through Step three of the grievance

procedure, APWU appealed the grievance to arbitration as provided for in the CBA. (Compl. at ¶ 8).

11. Article 15, Section 5 of the CBA provides that "all decisions of an arbitrator will be final and binding." (Compl. at ¶ 11; Exh. 2 at 4).

12. On April 12, 2005, a hearing was held before Arbitrator Jerry Fullmer. (Compl. at ¶ 10).

13. Arbitrator Fullmer rejected APWU's arguments that Mr. Coldren's confession should be disregarded and found that "the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200 to $250 to use for personal incidentals." (Award at 11-14).

14. Arbitrator Fullmer sustained APWU's grievance because he found that, in removing Coldren, USPS relied in part on disciplinary infractions that had been previously expunged, and thus constituted "invalid elements of record" which "taint[ed] the action." (Award at 14, 8).

15. Upon sustaining APWU's grievance, the arbitrator awarded "the remedy requested in the grievance, i.e. that of expungement of the records of the removal . . . and the granting of back pay . . ." (Award at 14).

16. The arbitrator did not award reinstatement to the Grievant because of the "technical justification" that APWU failed to submit it as a remedy sought, (Award at 9), and because it would not be an appropriate remedy given that "the evidence does indicate that the Grievant did misappropriate postal funds . . ." (Award at 14).

                                                                                        Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE
 DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney
555 Fourth Street, NW, Room E4412
Washington, DC 20009
202/616-5309

.
October 7, 2005

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252