# EXHIBIT 3

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

**STEP 2 APPEAL TO ARBITRATION GRIEVANCE FORM**

| Grievant – Person or Union | Work Location – City, State, and Zip Code | USPS Grievance # |
|---|---|---|
| Otis Coldren | West Worthington Ohio 43235 | C00C-4C-DC501728 |

| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | Craft | Date of Step 2 | APWU Grievance # |
|---|---|---|---|
| Notice of Proposed Removal | Clerk | 1/22/05 | 114-1226KS |

TO:  Date: 1-31-05

USPS Grievance and Arbitration
Processing Center
PO Box 9799
Chester PA 19013-9799

USPS CERTIFIED # 7004 1350 0001 8686 8931

RECEIVED FEB 03 2005
By_____

ATTACHMENTS:
✓ Appeal to Step 2
✓ Step 2 Denial
✓ Additions and Corrections

Please be advised that pursuant to Article 15, Section 2(h) of the Collective Bargaining Agreement, the Union hereby is appealing the above-referenced grievance to arbitration. This appeal includes a copy of the Step 2 appeal form, the employer's written Step 2 decision and the union's corrections and additions to the Step 2 decision if submitted.

☐ Check if applicable

The Postal Service refused or failed to schedule a Step 2 meeting or render a Step 2 decision within the prescribed time limits and to provide the union a full statement of the Employer's understanding of (1) all relevant facts, (2) the contractual provisions involved, and (3) the detailed reasons for denial of the grievance.

| LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| APWU/COAL #232 | 1820 Northwest Blvd | Columbus | Ohio | 43212 |

SUBMIT UNION'S REGIONAL COPY WITH FILE TO:     COPY – LOCAL FILE   COPY – USPS STEP 2 DESIGNEE
COPY – APWU COORDINATOR

## NATIONAL BUSINESS AGENT

Russell P Bugary NBA
APWU AFL-CIO
7211 Main St Suite 4
Dayton, Ohio 45415

SINCERELY,

_Jennifer L. Sigman_
Chief Steward
AUTHORIZED UNION REP.

SHARYN M STONE, COORDINATOR:
As authorized by President Bill Burrus

Please ✓ check the **Expedited** or **Regular** Arbitration Panel box based on type of grievances listed below that may be appealed from Step 2 to arbitration pursuant to Step 2(h) of the National agreement.

☐ **EXPEDITED ARBITRATION PANEL ISSUES:**
- AWOL
- Letter of Warning
- Suspensions of 14 Days or Less
- Letter of Demand of Less Than $2,000
- Withholding of Step Increases
- Article 25-Higher Level Assignments
- Individual Grievances for Overtime, Annual Leave, Sick Leave, Leave Without Pay, Court Leave, Restricted Sick Leave, Requests for Medical Certification, Holiday Scheduling, Clerk Craft Seniority Disputes

☐ **REGULAR ARBITRATION PANEL ISSUES:**
- Suspensions of More Than 14 Days or Discharge
- Indefinite Suspension Crime Situation
- Emergency Procedure
- LMOU disputes – Grievances where the primary articles(s) or disputes(s) being grieved is over the interpretation, application of, or compliance with the Local Memorandum of Understanding
- Safety and Health

LABOR # 7004 1350 0001 8686 8955

**ENTERED** [handwritten date]

# AMERICAN POSTAL WORKERS UNION AFL-CIO

**CERTIFIED MAIL #**

| | | |
|---|---|---|
| GRIEVANT – PERSON OR UNION (FROM LINE 8)<br>Otis Coldren | WORK LOCATION CITY AND ZIP CODE (FROM LINE 10)<br>West Worthington  43235 | REGION'S GRIEVANCE<br># |
| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE)<br>Notice of Proposed Removal | CRAFT<br>Clerk | DATE OF STEP 2<br>1/22/05 | LOCAL GRIEVANCE<br># 114-1226-KS | USPS GRIEVANCE<br># C00C-4C-D05017281 |

FROM: LOCAL UNION (NAME OF)   ADDRESS   CITY   STATE   ZIP
APWU/COAL, P O BOX 1205, COLUMBUS, OHIO 43212

LOCAL UNION PRESIDENT
Michael Schmid, President

AREA CODE  PHONE (OFFICE)
614-486-4838

AREA CODE  PHONE (OTHER)
614-486-4838

## ADDITIONS/CORRECTIONS:

Management is in violation of Article 16 of the National Agreement. They issued the Grievant a Notice of Proposed Removal without just cause.

On 10-13-04 Grievant was interviewed by the postal inspectors. This occurred over a span of six hours. He was permitted one smoke break and one bathroom break. He answered their questions to the best of his ability. The interview amounted to a "brow beating" interrogation to force a response. The grievant maintained his innocence throughout the session. Only after six hours of relentless badgering, the grievant was coerced and heavily coached by inspectors into writing a statement. The inspectors finally settled on the words "Misappropriated funds" for the grievant to use in the statement, and told the grievant to write that he was sorry, and then he could leave. Tired and eager to leave, the grievant complied.

In the PDI, management dismissed the grievant's explanation of what "misappropriation of funds" meant. The grievant did not steal the funds, he admitted to some of the "mishandling" and "improper" actions the inspectors said he did.

Removal is procedurally defective. Disciplines are cited that have been expunged. Letters of warning dated 05-24-03 and 01-23-04 and five day suspension dated 03-01-04 have been expunged. Management improperly considered these disciplines in their decision to remove the grievant.

The grievant's due process rights were violated when management denied this grievance prior to allowing the union to present our case at step 2. Labor Relations Specialist Marvin Coleman had the denial letter typed before the step 2 meeting, making the meeting a simple formality.

Grievant's due process rights were violated when management refused to provide requested information that was pertinent and important to our investigation. All questions asked in the polygraph test were denied.

Issuing Supervisor Etha Brown did not do a full investigation. Ms. Brown said once Otis admitted to stealing, "it was enough for me." She was done. She did not need to do any more investigating.

The service talk on Aug. 6, 2004 focused on an issue other than making change for a customer from your own pocket. There is not a policy against this. There was lax enforcement of "co-mingling" of funds Manager Seanor even "co-mingled funds" after concurring on the grievant's removal for such actions. Mr. Coleman did not deny this at the step 2 meeting.

Grievant is charged with making adjustments and voiding the postage sales without providing documentation to support the adjustments. There is not any documentation generated by the IRT when sales are adjusted

7004135000018686 8948

# AMERICAN POSTAL WORKERS UNION AFL-CIO

## CERTIFIED MAIL #

| | |
|---|---|
| GRIEVANT – PERSON OR UNION (FROM LINE 8): Otis Coldren | WORK LOCATION CITY AND ZIP CODE (FROM LINE 10): West Worthington 43235 |
| DISCIPLINE (NATURE OF OR CONTRACT ISSUE): Notice of Proposed Removal | CRAFT: Clerk   DATE OF STEP 2: 1/22/05   LOCAL GRIEVANCE # 114-1226-KS   USPS GRIEVANCE # C00C-4C-D050172 |
| FROM LOCAL UNION (NAME OF): Place your Local's name, address, etc. here | |
| LOCAL UNION PRESIDENT: Place the name of your local president here | AREA CODE PHONE (OFFICE): Place Phone Number Here   AREA CODE PHONE (OTHER): Place Alt. Phone # Here |

## ADDITIONS/CORRECTIONS:

Grievant was charged with taking bills from his drawer and walking away. The only way for clerks to get change is to take money from their drawers and go get it from the cash drawer. The grievant also took money from his drawer to pay for postage sales from the vending machine. He has receipts to show he did this.

Grievant was charged with entering the cash back portion of debit transactions as postage sales. Grievant has not been trained on how to run debit sales with cash back. IRT does not have a cash back key for debit sales. Grievant was trained that stock and postage sales are the same. Grievant's back up on the window Ripley Bode has also not been trained on how to record a debit card cash back on the IRT.

There is not any evidence or witnesses of theft by the Grievant. The IM is laced with innuendos instead of evidence of wrongdoing. Any mistakes cited do not rise to the level of a removal action.

Management has brought six supervisors back to work after issuing them removals. MDO Nick Lacy admitted to wrongdoing of $1431. Stealing is stealing. Grievant is being held to a higher standard.

Management improperly considered the polygraph results. Polygraph tests do not prove guilt or innocence.

Management distorted the grievant's explanation of the "Haunted House" money in the removal notice. The concurring official used this faulty charge in making her decision to concur.

The grievant's due process rights were violated in that the removal action is untimely. Incidents listed in the removal are months old. It puts the grievant at a huge disadvantage in defending himself against alleged incidents that took place months earlier. His recollection and memory could not possibly be fresh enough to respond reasonably to the stale charge.

*Jennifer L. Sigmon*

7004 1350 0001 8686 8948

**UNITED STATES POSTAL SERVICE**

DATE: January 22, 2005

SUBJECT: Step 2 Decision

C00C-4C-D05017281  DIST430
29-NOV-04  1141226KS
COLDREN III
COLUMBUS  OH  43216  9998

Jennifer Sigmon
Union Steward, Local #232
1820 Northwest Blvd.
Columbus, OH 43212

The subject grievance was discussed with Jennifer Sigmon on January 22, 2005, in accordance with Article 15 of the current National Agreement.

Union's Position:

Management violated Articles 15, 16, 19 of the National Agreement. On 11/10/04, the grievant was issued a Notice of Removal, for alleged improper conduct. The union position is that this action was taken without just cause. Management is in violation of the cited articles.

Requested Remedy: Expunge the instant removal from all records and recompense the grievant for any losses in wages & or benefits.

Management Position:

The Union did not show a violation of the cited articles. When asked at Step 2 how management violated the cited articles Ms. Sigmon replied in the following manner relative to each article: Ms. Sigmon is withdrawing article 15. Ms. Sigmon stated that article 16 was violated in that the Notice of Removal was issued without just cause. There was no violation of this article. Ms. Sigmon stated that article 19 was violated in that Article 31 of the JCIM was not followed relative to information requests. There was no violation of this article. The Union's position is based on a misinterpretation of the cited articles.

Management's actions were in compliance with the National Agreement. The Notice of Proposed Removal was issued in accordance with article 16 of the National Agreement. The removal met the criteria for just cause. The grievant was aware of the rule and forewarned of the disciplinary consequences for failure to follow the rule. The grievant was informed of the Postal Funds policy (Section 132.1, 151.4 & 331 of Handbook F-1) during training and in subsequent service talks. The rule is reasonable related to the Postal Service's business efficiency and financial accountability. The rule is consistently and equitably enforced in that all employees working on the window are provided training on the rule and must follow this rule. Management conducted a thorough investigation to determine that the grievant committed the offense. A Pre-Disciplinary Interview (PDI) was conducted with the grievant on October 18, 20004, to allow him the opportunity to address the charges. The grievant admitted to Postal Inspectors and Supervisor Etha Brown that he took money (approximately $200-$250) from his Postal Drawer in the Philatelic Unit. The Investigative Memorandum states that the grievant agreed to submit to a polygraph examination and the results showed deception. The severity of the discipline matched the offense. To protect the Postal Service from financial losses, it can not have employees with this conduct working at the window handling financial transactions. The Emergency Placement and Notice of Removal were issued in a timely manner in that the disciplinary action was taken as promptly as possible after the offense was committed.

The grievant was in violation of the following regulations:

850 TWIN RIVERS DRIVE
COLUMBUS, OH 43216-9401
(614) 469-4467
FAX: (614) 469-4410

Employee and Labor Relations Manual (ELM), Section 661.53, Unacceptable Conduct, it states, "No employee will engage in criminal, dishonest, notoriously disgraceful or immoral conduct, or other conduct prejudicial to the Postal Service. Conviction of a violation of any criminal statute may be grounds for disciplinary action by the Postal Service, in addition to any other penalty by or pursuant to statute." The grievant engaged in dishonest conduct.

The grievant's conduct also violates ELM Section 665.2 (k)(1) Embezzlement of government money or property (18 U.S.C. 641) and ELM 665.2(v) Prohibition against misappropriation of Postal Service funds (18 U.S.C. 1711).

Section 666.2 of the ELM states: "Employees are expected to conduct themselves during and outside of working hours in a manner which reflects favorably upon the Postal Service. Although it is not the policy of the Postal Service to interfere with the private lives of employees, it does require that Postal personnel be honest, reliable, trustworthy, courteous, and of good character and reputation. Employees are expected to maintain satisfactory personal habits so as not to be obnoxious or offensive to other persons or to create unpleasant working conditions." For all the reasons stated above, the remedy requested for this grievance is inappropriate.

Therefore this grievance is denied.


_____
Marvin B. Coleman
Labor Relations Specialist

cc: Michael D. Schmid, President Local #232

Rec'd
1/22/05
JSS

# American Postal Workers Union, AFL-CIO

**STEP 2 GRIEVANCE APPEAL FORM**

| # | Field | Value |
|---|---|---|
| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | Notice of Proposed Removal/IMPROPER |
|   | CRAFT | CLERK |
|   | DATE | 11-24-04 |
|   | LOCAL GRIEVANCE # | 114-1226-KS |
|   | USPS GRIEVANCE | |
| 2 | TO USPS STEP 2 DESIGNEE (NAME AND TITLE) | MARVIN COLEMAN |
|   | INSTALLATION/SEC. CEN./BMC | 850 TWWINNS RIVER DR. |
|   | PHONE | 614-469-4467 |
| 3 | FROM: LOCAL UNION (NAME OF) | APWU COAL |
|   | ADDRESS | 1820 Northwest Blvd., Columbus, Ohio 43212 |
| 4 | STEP 2 AUTHORIZED UNION REP. (NAME AND TITLE) | JENNIFER SIGMON CHIEF STEWARD |
|   | PHONE (OFFICE) | (614) 486-4838 |
|   | PHONE (OTHER) | (614) 486-4837 |
| 5 | LOCAL UNION PRESIDENT | Michael D. Schmid |
|   | PHONE (OFFICE) | (614) 486-4837 |
|   | PHONE (OTHER) | (614) 486-4838 |

**STEP 1 MEETING & DECISION — WHERE-WHEN — MET WITH**

| # | Field | Value |
|---|---|---|
| 6 | UNIT/SEC/BR/STA/OFC | WEST |
|   | DATE/TIME | 11-16-04 |
|   | USPS REP - SUPR | |
|   | GRIEVANT AND/OR STEWARD | KARL D. SHARPE |
| 7 | STEP 1 DECISION BY (NAME AND TITLE) | Etha Brown |
|   | DATE AND TIME | 11-16-04 |
|   | INITIALS | EB |
| 8 | GRIEVANT PERSON OR UNION (Last Name First) | COLDREN III OTIS |
|   | ADDRESS | EeL COURT |
|   | CITY | COLUMBUS |
|   | STATE | OH |
|   | ZIP | 43235 |
|   | PHONE | 1-614-783-5152 |
| 9 | OFF DAYS | ☒ SAT ☒ SUN |
| 10 | JOB/PAY LOCATION | WEST |
|   | WORK LOCATION CITY AND ZIP CODE | COLUMBUS 43235 |
|   | LIFETIME SECURITY | ☐ Yes ☐ No |
|   | VETERAN | ☒ Yes ☐ No |
| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL (Art./Sec.) | 15+16+19 |

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.

**12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT**

ON 11-10-04 THE GRIEVANT WAS ISSUED A NOTICE OF PROPOSED REMOVAL, FOR ALLEGED IMPROPER CONDUCT. THE UNION POSITION IS THAT THIS ACTION WAS TAKEN WITHOUT JUST CAUSE. MANAGEMENT IS IN VIOLATION OF THE CITED ARTICLES.

**13 CORRECTIVE ACTION REQUESTED** — That any/all information (files, records, documents, etc.) relied upon and/or related to this instant grievance be made available at the Step 2 hearing.

EXPUNGE THE INSTANT REMOVAL FROM ALL RECORDS AND RECOMPENSE THE GRIEVANT FOR ANY LOSSES IN WAGES & OR BENEFITS.

Cert # 7004 1350 0001 8486 8580

*Jennifer L. Sigmon for*
KARL D. SHARPE
SIGNATURE AND TITLE OF AUTHORIZED UNION REP