UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 05-1430 (JR) |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF MATERIAL FACT
AS TO WHICH THERE IS NO GENUINE DISPUTE**

In accordance with Local Rule 7(h), Plaintiff replies to Defendant's statement of material facts using the same numbers:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted with clarification. The grievance procedure in the parties' collective bargaining agreement ("the National Agreement") provides a manner in which the APWU can challenge removals from employment as well as other forms of discipline of postal employees covered by the National Agreement. (United States Postal Service Exhibit 2, appended to its Motion to Dismiss or in the Alternative for Summary Judgment filed October 7, 2005 ("USPS Ex."), Article 15.)

6. Admitted.

7.     Admitted with clarification. The complete language of Article 16, Section 1 of the National Agreement states:

> In the administration of this Article, a basic principle shall be that discipline should be corrective in nature, rather than punitive. No employee may be disciplined or discharged except for just cause such as, but not limited to, insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work as requested, violation of the terms of this Agreement, or failure to observe safety rules and regulations. Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay.

(USPS Ex. 2 at 4.)

8.     Denied. This fact is not material. Moreover, at the time the grievance was filed at Step 1 and appealed to Step 2 of the grievance procedure, the Postal Service had only proposed removing the grievant from his employment; at those times, there was no actual removal to be remedied by reinstatement. (USPS Ex. 3.) Because the Postal Service denied the APWU's grievance at Step 2, there was no correction or additions necessary to reiterate a remedy to the Union's grievance. (USPS Ex. 3.) By the time the matter reached arbitration, however, the parties had joined issue on reinstatement as a remedy to the Postal Service's improper removal of the grievant and the APWU presented its demand for reinstatement to the arbitrator before the arbitration record was closed. (Complaint, Exhibit 1 ("Award") at 9.) The arbitrator did consider reinstatement as a remedy and devoted considerable discussion in his award to reinstatement. (Award at 9-14.)

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13. Admitted.

14. Admitted.

15. Admitted with clarification. The arbitrator did consider reinstatement as a remedy and devoted considerable discussion in his award to reinstatement. (Award at 9-14.) The arbitrator concluded that "the grievance must be sustained on the basis that the removal improperly relied upon elements of record which were invalid. The remedy does not include reinstatement because the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200.00 to $250.00 to use for personal incidentals." (Award at 14.)

## PLAINTIFF'S STATEMENT OF MATERIAL FACT AS TO WHICH THERE IS NO GENUINE DISPUTE

Plaintiff states the following additional material facts as to which there is no genuine issue:

1. The National Agreement requires that the Postal Service's discharge of an employee from employment, like that of the grievant, must be for just cause. (USPS Ex. 2 at 4; Declaration of Greg Bell ("Bell Dec.") at ¶ 3.)

2. Arbitrator Jerry Fullmer described in his award the issue before him to be: "Was the removal of the Grievant, Otis I. Coldren III on November 8, 2004 for just cause? If not, what shall be the remedy?" (Award at 6; Bell Dec. at ¶ 4.)

3. In reviewing thousands of arbitration awards concerning the Postal Service's removal or discharge of postal employees covered by the National Agreement, Arbitrator Fullmer's award underlying this case stands out as improper for having granted the APWU's grievance over a discharge, but then failing to reinstate the grievant to employment as required by Article 16 of the National Agreement. (Bell Dec. at ¶ 6.)

4.      Even when an arbitrator is constrained to reinstate an employee for whom the arbitrator has concluded the Postal Service did not have just cause to remove, the arbitrator has the discretion to determine the conditions of reinstatement such as whether the grievant should be paid back pay for the period the grievant was not working.  (Bell Dec. at ¶ 7.)


Dated: November 28, 2005           Respectfully submitted,

                                   O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                   By: _____
                                       Melinda K. Holmes
                                       1300 L Street N.W., Suite 1200
                                       Washington, DC 20005-4178
                                       (202) 898-1707
                                       mholmes@odsalaw.com