UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 05-1430 (JR)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF GREG BELL

I, Greg Bell, in lieu of an affidavit as permitted by 28 U.S.C. § 1746, declare as follows:

1. I am the Industrial Relations Director of the American Postal Workers Union, AFL-CIO ("APWU"). My duties as Industrial Relations Director for the APWU are defined by Article 8, Section 1 of the Constitution and Bylaws of the APWU and include responsibility for administration of the collective bargaining agreement with the United States Postal Service, particularly the parties' grievance and arbitration procedure and process.

2. Prior to my position as Industrial Relations Director for the APWU, I served as President of the Philadelphia Area Local of the APWU. My responsibilities as President included presenting and overseeing grievance arbitrations.

3. Article 16 of the National Agreement requires that the Postal Service's discharge of an employee from employment must be for just cause. Therefore, in order for the Postal Service to discharge the grievant in the underlying grievance, it could do so only if it had and could demonstrate just cause for its action.

4. Arbitrator Jerry Fullmer described the issue in the arbitration award underlying

this case to be: "Was the removal of the Grievant, Otis I. Coldren III on November 8, 2004 for just cause? If not, what shall be the remedy?"

5. When Arbitrator Fullmer ruled in the arbitration award underlying this case, that there was no just cause for the discharge of the grievant, but nevertheless decided that the grievant's discharge would stand, he modified the terms and provisions of Article 16 and exceeded his authority. In effect, the grievant was discharged from employment without just cause.

6. In reviewing thousands of arbitration awards concerning the Postal Service's removal or discharge of postal employees covered by the National Agreement, Arbitrator Fullmer's award underlying this case stands out as improper for having granted the APWU's grievance over a discharge, but then failing to reinstate the grievant to employment as required by Article 16 of the National Agreement.

7. Even when an arbitrator is constrained to reinstate an employee for whom the arbitrator has concluded the Postal Service did not have just cause to remove, the arbitrator has the discretion to determine the conditions of reinstatement such as whether the grievant should be paid back pay for the period the grievant was not working.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 28, 2005.

_____
Greg Bell