UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 05-1430 (JR) |
| v. | ) ) ) |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT, AND DEFENDANT'S OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant United States Postal Service ("USPS") hereby respectfully submits the following reply in further support of its motion to dismiss, or in the alternative for summary judgment. USPS also hereby respectfully opposes Plaintiff's (or "APWU") cross motion for summary judgment. In support of this reply and opposition, USPS relies on the points and authorities contained herein, as well as the attached exhibit, and Defendant's response to Plaintiff's statement of material facts not in dispute.

Plaintiff initiated this action seeking to vacate an arbitrator's decision sustaining its grievance against USPS and awarding the employee expungement of the record of his removal and back pay, but denying reinstatement. (R.1 at ¶ 1, ¶ 13).[1] USPS moved to dismiss, or in the alternative sought judgment as a matter of law on Plaintiff's complaint because 1) the arbitrator's

---

[1] An "R" followed by a number references a document by its placement in the Court's docket.

decision is unreviewable by this Court given that it correctly "draws its essence from the collective bargaining agreement" that exists between the parties in this case, and any ambiguity contained in the language of the arbitrator's opinion does not alter or obviate the deference that must be accorded this arbitral award, and because 2) Plaintiff cannot now complain regarding the arbitrator's failure to award the particular remedy of reinstatement that Plaintiff failed to timely request and thus to properly place before the arbitrator. (R.6 at 2).

In opposing Defendant's motion and cross-moving for summary judgment on its own behalf, Plaintiff admits that there is no material factual dispute in this case, and that this action should be decided by the Court at this stage. (R.10 at 5). Moreover, Plaintiff concedes that the scope of judicial review of arbitral awards such as the one at issue in this case is extremely narrow, and that the law accords such decisions an extremely high level of deference. (Id. at 5-6).

Plaintiff attempts to overcome the Court's extremely limited role in these disputes by claiming that the arbitrator's opinion must be read to contravene the collective bargaining agreement ("CBA") that exists between the parties, and thus, that the award fails to "draw its essence" from this agreement . (R.10 at 7, 12; R.1 at ¶ 14). APWU also claims, tellingly without authority, that its failure to raise reinstatement as a requested remedy until the close of the arbitration hearing is "immaterial." (R.10 at 10). APWU's arguments are legally incorrect and unpersuasive in their attempt to defeat Defendant's motion to dismiss or for summary judgment. Thus, the Court should grant USPS's motion.

As admitted by Plaintiff, "a principal characteristic of the common law of arbitration is judicial deference to arbitral decisions." <u>Devine v. White</u>, 697 F.2d 421, 435 (D.C. Cir. 1983).

Indeed, "[t]he case must present some egregious deviation from the norm before [the courts] will abandon the firmly-established principle of deference." Nat'l Football League Players Assoc. v. Office and Prof. Employees Union, 947 F. Supp. 540, 545 (D.D.C. 1996) (quoting OPEIU v. WMATA, 724 F.2d 133, 137 (D.C. Cir. 1983)).  See APWU v. U.S. Postal Serv., 789 F.2d 1, 3 (D.C. Cir. 1986) (an arbitrator's reading of the contract is entitled to enforcement unless the award itself violates established law or seeks to compel some unlawful action).

Thus, it is well settled that the scope of review of labor arbitration awards is "extremely narrow."  APWU v. U.S. Postal Serv., 52 F.3d 359, 361 (D.C. Cir. 1995).  See APWU, 789 F.2d at 5 (it is the arbitrator's construction which was bargained for; as long as the arbitrator's decision concerns construction of the contract, courts have no business overruling him because they have a different interpretation).  Moreover, "[t]his remains so even when the basis for the arbitrator's decision may be ambiguous." W.R. Grace and Co. v. Local Union 759, 461 U.S. 757, 764 (1983).

Specifically, the Supreme Court has made clear that "[a] mere ambiguity in the opinion accompanying an award, which permits an inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce an award." United Steelworkers of America v. Enterprise Wheel and Car Corp, 363 U.S. 593, 598 (1960).  Thus, if any reading of an arbitrator's decision brings it within the ambit of the agreement and the arbitrator's authority, judicial intervention is not appropriate.  Id. at 597-598.  See United States Int'l v. Misco, Inc., 484 U.S. 29, 37-38 (1987) (as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision).

Contrary to Plaintiff's contention that the arbitrator's opinion unequivocally "ignores and contradicts" the CBA (R.10 at 7), the most appropriate reading of the arbitrator's opinion evinces a considered interpretation of the concepts of "just cause" comprised in the CBA, which may not be supplanted or substituted by the Court's. Moreover, the CBA does not, as Plaintiff asserts, require the arbitrator to grant the remedy of reinstatement when a grievance has been sustained. (Id.).

It is clear from the arbitrator's award that he rejected APWU's arguments that the employee's confession should be disregarded and found that "the evidence does indicate that the Grievant did misappropriate postal funds in the amount of $200 to $250 to use for personal incidentals." (Award at 11-14).[2] Moreover, Article 16, Section 1 of the CBA explicitly provides that "pilferage," constitutes "just cause" for removal. (R.6, Exh. 2 at 4). Thus, it cannot be disputed that the arbitrator found that the employee was guilty of conduct that justified his removal under the explicit terms of the CBA.

This finding begs the question why the arbitrator sustained Plaintiff's grievance. While one reading might hold that the arbitrator ignored the CBA in favor of the Plaintiff by finding him guilty of conduct that warranted his removal but sustaining his grievance in any case (which might then beg the question why this suit was initiated), a more appropriate reading indicates that the arbitrator sustained APWU's grievance not because just cause for the employee's removal did not exist, but because the arbitrator found that USPS had also relied on the employee's prior expunged disciplinary infractions, which the arbitrator decided was unfair, and thus violative of "just cause concepts." (Award at 8-9). This reading places the arbitrator's award squarely within

---

[2] The arbitral award in this case is attached to Plaintiff's complaint (R.1).

the ambit of the CBA and his authority to interpret "just cause" as both a threshold for removal and a theoretical "concept" of fairness that enables him to sustain a grievance against USPS for construed procedural errors or misdeeds even when the employee's conduct would warrant removal. (See R.10 at 7 ("it can be the case that an arbitrator finds that standard of just cause to be different in the two situations . . ."))[3]. This reading also places the decision outside the Court's review, as it is the arbitrator's interpretation of just cause, not the Court's, that the parties have bargained for. See Eastern Associated Coal Corp. v. United Mine Workers of America, 531 U.S. 57, 62 (2000)

APWU additionally claims that "[t]he principle that the failure of an employer to demonstrate just cause in a discipline case requires a labor arbitrator's reinstatement of the grievant is accepted jurisprudence." (R.10 at 8). The only authority that Plaintiff cites for this proposition fails to support it and is inapposite to the case at bar. Eastern Associated Coal Corp., supra, does not implicate the issue of "required" remedies under any labor agreement, let alone the CBA at issue in this case. Instead, the Court "assumes" that the collective-bargaining agreement at issue in that case called for the employee's reinstatement, because the arbitrator in

---

[3]   Plaintiff's declarant, Greg Bell, contends that his review of "thousands" of arbitration awards found that the arbitration award in this case "stands out as improper." (R.10, Declaration of Greg Bell at ¶ 6). While Mr. Bell's conclusory statement provides us little detail regarding the parameters of his review on which to adjudge his premise and is of questionable relevance in any event, Defendant had to go back only to 2005 to find an extremely similar decision by this arbitrator. (Exhibit 1). In that case, the arbitrator found that the employee had sexually assaulted a colleague and that such conduct clearly warranted removal; however, in language almost identical to that used in the award in this case, and often quoted by APWU, the arbitrator failed to find just cause based on procedural errors made by USPS in the grievance process. (Exhibit 1 at 12-13). As in this case, the arbitrator awarded back pay, but refused to award reinstatement. (Id. at 13). Thus, the award at issue is clearly not an anomaly, but represents this chosen arbitrator's interpretation of "just cause," and "just cause concepts."

that case had ordered it, and the parties were arguing, not the propriety of that decision under the agreement, but whether reinstatement of the particular employee contravened public policy because he had tested positive for drug use. Eastern Associated Coal Corp., 531 U.S. at 61-62. Plaintiff's proposition is also contravened by the Supreme Court, which has noted that the wide latitude granted arbitral decisions "is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations." Enterprise Wheel, 363 U.S. at 597.  See Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 281 (1st Cir. 1983) (an arbitrator has broad power to fashion remedies).[4]

Indeed, the notion of a general legal principle or "accepted jurisprudence" that uniformly requires reinstatement of an employee is inconsistent with the entire scheme of labor arbitration which contemplates that the arbitrator will be doing no more than interpreting a contract created by the parties and which may include any provisions so bargained for. See Eastern Associated Coal Corp., 531 U.S. at 62.   This is born out by the CBA in the instant case, which, contrary to APWU's contention, does not require that the remedy of reinstatement be granted: "[a]ny such discipline or discharge shall be subject to the grievance-arbitration procedure . . .which could result in reinstatement and restitution, including back pay."  (R.6, Exh. 2 at 4) (emphasis added)).

Thus, the arbitrator did not exceed his authority and judicial intervention is not appropriate because the arbitrator's award properly "draws its essence" from the CBA and provides a reasoned interpretation of "just cause," which by the explicit terms of the agreement

---

[4] Plaintiff admits that the arbitrator could have denied the employee back pay (R.10 at 9-10), but cites no authority for the proposition that one remedy is somehow more "required" under the CBA than the other, and the language of the CBA does not support this conclusion.  (R.6; Exh. 2 at 4).

includes "pilferage," and because the remedy of reinstatement was not mandated by the CBA.

In any case, APWU made a procedural error of its own when it neglected to properly place the issue of reinstatement before the arbitrator in a timely fashion. Plaintiff admits that it failed to request the remedy of reinstatement until its closing statement at the arbitration hearing (R.10 at 3), but claims that its failing is "immaterial." (Id. at 10). Significantly, APWU cites no authority for the obtuse proposition that it may rightfully seek judicial review of an arbitrator's failure to grant a remedy that it failed to properly request.

An arbitrator specifically derives his authority in part from the submissions of the parties to him. See Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 442 F.2d 1234, 1236 (D.C. Cir. 1971). While Article 16, Section 1 of the CBA provides reinstatement as a remedy available to the arbitrator in settling labor disputes (R.6, Exh. 2 at 4), Article 15, Section 2 of the same agreement requires the union to submit a detailed statement of its requested remedies at the second step of the grievance procedure and to correct any inaccuracies in the Step 2 decision regarding the remedies sought. (Id. at 2-3). APWU failed to fulfill either of these contractual duties, or to address the issue in its opening statement at the arbitration hearing. (See R.6, Exh. 3 at 6; Award at 9). Thus, as the arbitrator noted, "the whole grievance procedure and the hearing were conducted on the basis of reinstatement not being in play." (Award at 9).

Plaintiff claims that "[t]o determine whether the APWU's claim should be dismissed based on an interpretation of what the Union sought as a remedy in the grievance underlying the arbitration award at issue raises a factual dispute that is not necessary or appropriate to resolve . . ." (R.10 at 10). APWU's statement is incorrect and misleading. APWU admits that it failed to

7

seek reinstatement on behalf of the employee until its closing statement before the arbitrator (R.10 at 3), and the paperwork memorializing the Step 2 decision documents that reinstatement was not requested at that stage. (R.6, Exh. 3 at 6). Moreover, it is implausible that the arbitrator would make the remarks he did regarding APWU's failing had reinstatement been requested in a timely fashion. (See Award at 9). Thus, there is no support for Plaintiff's claim that there is a factual dispute between the parties as to when the remedy of reinstatement was first raised in this proceeding.

Moreover, APWU's assertion that the timing of the employee's discharge excuses APWU's failing is disingenuous and false. Again as admitted by Plaintiff, the employee was removed from his position by a letter of decision dated December 14, 2004. (R.10 at 2; R.6, Exh. 1 at 1). The Step 2 decision, which, pursuant to the CBA Plaintiff was required to correct for any deficiency, was not rendered until January 22, 2005. (R.10 at 2; R.6 Exh. 3). Thus, the employee had been terminated more than one month prior to the rendering of the Step 2 decision, and the CBA bound Plaintiff to add reinstatement to its list of requested remedies at that time were it to be properly considered.

In light of APWU's failure, not only was the arbitrator not required to consider this remedy in his decision, but it may have been error for him to do so. See Courier-Citizen Co., 702 F.2d at 281 (back pay remedy vacated where not provided for in the parties' submissions). Moreover, it is settled law that an administrative decision cannot be set aside based on an argument that was not made administratively at the appropriate time. See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made

8

at the time appropriate under its practice"). The fact that the arbitrator apparently elected the imposed remedies based on alternative theories of APWU's procedural failing and his interpretation of just cause and the merits of the grievance at issue does not, contrary to Plaintiff's claim, render its failure to properly request reinstatement "immaterial." (R.10 at 10-11).[5]

It is not apparent in this case that the arbitrator exceeded his authority or failed to draw his decision's essence from the CBA between the parties. Thus, in light of the substantial deference accorded such decisions, judicial intervention is not appropriate, and this matter should be dismissed or summary judgment for Defendant should be granted.

---

[5] Moreover, Plaintiff's unequivocal contention that its procedural failure did not impact and "was not the basis for [the arbitrator's] decision" (R.10 at 11) is not born out by the language of the award: "[t]here is at least a technical justification for not granting that aspect of the remedy in that it was not asked for in the grievance itself and in the Union's opening statement at the hearing. . . . The remedy requested in the grievance, i.e. that of expungement . . .and the granting of back pay . . .is granted." (Award at 9, 14 (emphasis added)).
  Additionally, there is absolutely no factual support in the record and Plaintiff has not provided any that "the parties joined issue on whether reinstatement should be ordered." (R.10 at 12). Such an unsupported claim need not be considered.

9

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss or alternative motion for summary judgment.

                                              Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE
 DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney
555 Fourth Street, NW, Room E4412
Washington, DC 20009
202/616-5309

.

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252