UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 05-1430 (JR) ) |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff American Postal Workers Union, AFL-CIO ("APWU") replies to the Postal Service's opposition to the APWU's cross motion for summary judgment with the following two points.

First, the holding of Arbitrator Fullmer that the APWU believes contradicts the APWU-Postal Service collective bargaining agreement (the "National Agreement") and thus exceeds his authority and does not draw its essence from the parties' contract, is his failure to reinstate the grievant upon finding that the Postal Service's termination of the grievant lacked just cause. The APWU does not, as the Postal Service's opposition suggests, take issue in this matter with the arbitrator's finding on just cause or his conclusion that the grievant engaged in misconduct worthy of punishment. Nor does the APWU take issue with the arbitrator's determination of the appropriate remedy except that the National Agreement limits the remedy the arbitrator could impose. Article 16 of the National Agreement's provision that an employee can be separated from his or her employment – by the Postal Service or an arbitrator – only for just cause is a

requirement that just cause be present for an employee to be terminated. In the absence of that critical finding, a remedy upholding termination is improper.

Here, Arbitrator Fullmer explicitly (and correctly) found that just cause was lacking because of the Postal Service's procedural failings in how it effectuated the grievant's termination. (Award at 14 ("To the extent that it may not otherwise be clear, the issue concerning the merits is answered in the negative, i.e. the removal of the Grievant Otis I. Coldren III on November 8, 2004 was not for just cause.").) Contrary to the Postal Service's characterization of the award, Arbitrator Fullmer was clear and express that he found that just cause was lacking because the Postal Service "improperly relied upon elements of record which were invalid." (Award at 14.) The APWU agrees with Arbitrator Fullmer's observation that his finding on just cause "draws its essence from the arbitrator's interpretation of Article 16, Section 1 of the parties' agreement" which describes the just cause requirement. (Award at 14; USPS Mot. Dismiss, Ex. 2 at 4.)

The APWU's suit to vacate the award is premised on what happened next. As set out in the APWU's motion for summary judgment, Arbitrator Fullmer, upon finding that the Postal Service was without just cause, was obligated to reinstate the grievant by the National Agreement's requirement that all terminations be supported by just cause. His decision not to do so exceeds his authority and does not draw its essence from the National Agreement. Notwithstanding a labor arbitrator's broad remedial authority, he or she is nonetheless constrained on liability and remedy by the parameters put on him or her by the parties to the contract under which arbitration arises. *See* United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960). Here, Arbitrator Fullmer went beyond the parameters fixed by

2

the parties in Article 16.1 of the National Agreement. And as the Postal Service points out, the record evidence shows that this remedial conclusion is "this chosen arbitrator's interpretation" of his remedial authority. (USPS Opp'n at 5 n.3.) Because an arbitrator, even under the highly deferential standard for vacating a labor arbitration award, "is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice," Arbitrator Fullmer's solitary decision, even if expressed twice, to ignore the National Agreement's restriction on termination as discipline or a remedy when there is no just cause should be vacated. Enterprise Wheel, 363 U.S. at 597.

Second, the factual question about how the APWU's grievance was developed prior to arbitration is not relevant. The Postal Service continues to try to litigate the factual issue of whether or not the Union properly perfected its grievance and/or a request for a particular remedy. As the APWU noted in its motion for summary judgment, Arbitrator Fullmer himself recognized that the issue of reinstatement was before him and passed on its merits. The Postal Service apparently believes Arbitrator Fullmer was correct in his remedial award and also apparently accepts that courts should not review the merits of the dispute before the arbitrator. See APWU v. Postal Service, 789 F.2d 1, 5 (D.C. Cir. 1986)(citations omitted)(cited in USPS Opp'n at 3). Assuming that Arbitrator Fullmer's decision not to order reinstatement is entitled to deference, as the Postal Service posits, it is difficult to comprehend on what basis the Postal Service thinks the Court should be reviewing the merits of his remedial determination. The APWU contends only that Arbitrator Fullmer's remedial authority was limited by the National Agreement; except for that limitation and in accordance with his charge, Arbitrator Fullmer had broad authority to construct a remedy he felt was appropriate notwithstanding the precise

wording of the APWU's grievance.

The Postal Service's contention that the arbitrator may not have been allowed to consider reinstatement because the Union did not specifically mention it in its original grievance is also not supported. This is not a situation like that in the authority cited by the Postal Service where the underlying grievance deals with an entirely different person than the one for whom the arbitrator awarded a remedy. Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 281 (1st Cir. 1983) ("The submission agreement posed the question: 'Did the Company violate the contract by placing Richard Grant in the laborer's job...If so, what shall be the remedy?' Thereafter, in Hogan I, the arbitrator ruled that the Company had violated the contract by putting Grant in a laborer's job...Neither the original submission nor Hogan I suggested that back pay for **some other employee** was to be involved in the arbitration. The Union first presented the Sparks claim to Hogan at the ex parte hearing that took place well after the issues framed in Hogan I had been explored and largely resolved by the arbitrator.")(emphasis added). Here, the parties jointly asked Arbitrator Fullmer to decide whether just cause existed for the grievant's termination and, if not, what remedy.[1] Subject to the contractual limitation on Arbitrator Fullmer's remedial decision, addressing reinstatement for the grievant about whom the grievance concerned was, as the arbitrator himself found, fully within Arbitrator Fullmer's authority to decide.

---

[1] The Postal Service's citation to United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 37 (1952), a case concerning court review of administrative decision-making by the Interstate Commerce Commission, is inapposite, if not in conflict, with the appropriate standards for arbitral review and should not be given consideration.

Arbitrator Fullmer's award upholding the termination of a grievant for whom he found the Postal Service did not have just cause to terminate exceeded his authority and failed to draw its essence from the National Agreement. Arbitrator Fullmer's award should, therefore, be vacated.

Date:   January 12, 2006             Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.
Melinda K. Holmes
1300 L Street N.W., Suite 1200
Washington, DC 20005-4178
(202) 898-1707
mholmes@odsalaw.com