UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-1430 (JR) |
| UNITED STATES POSTAL SERVICE, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff American Postal Workers Union, AFL-CIO ("APWU") initiated this civil action seeking to vacate a labor arbitration decision. The decision sustained a grievance against defendant United States Postal Service ("USPS") and awarded the employee back pay and expungement of the discipline from his record, but denied reinstatement. Plaintiff contends that the arbitrator, in choosing to sustain the grievance while denying reinstatement, exceeded his authority. Defendant has moved to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment, Fed. R. Civ. P. 56. Plaintiff, in turn, has filed a cross-motion for summary judgment. For the reasons set forth below, defendant's motion for summary judgment will be **granted**.[1]

---

[1] When "matters outside the pleadings are presented to and not excluded by the court" a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) "shall be treated as one for summary judgment and

**BACKGROUND**

Otis I. Coldren III worked as a postal clerk at the philatelic branch of the West Worthington, Ohio, post office. On November 8, 2004, USPS sent him a notice of proposed removal based on improper conduct, alleging that he had used approximately $200 to $250 of USPS funds for "personal expenses." The notice also referred to prior infractions in Coldren's record, including letters of warning for unsatisfactory performance and attendance and a prior suspension. On November 16, APWU filed a grievance on Mr. Coldren's behalf pursuant to the collective bargaining agreement ("CBA") between USPS and APWU, which establishes a multi-step process for contesting removal or other disciplinary action. After USPS denied the initial grievance (Step 1), APWU appealed (Step 2) on November 24. On December 15, USPS finalized Coldren's removal in a "letter of decision." The decision noted Coldren's prior disciplinary record, but stated that the theft of postal funds "is a very serious offense and this infraction alone warrants your removal." Def.'s Ex. 1 at 1. On January 22, 2005, USPS denied APWU's grievance at Step 2. Pursuant to Article 15 of the CBA, APWU appealed the grievance to arbitration. An arbitration hearing was held on April 12. In his fourteen-page opinion,

---

disposed of as provided in Rule 56." Matters outside the pleadings have been presented and not excluded.

arbitrator Jerry A. Fullmer described the issue before him: "Was the removal of the Grievant, Otis I. Coldren III on November 8, 2004 for just cause?  If not, what shall be the remedy?"  Pl.'s Ex. 1 at 6 ("Award").

The arbitrator answered the first question "in the negative," finding that the removal was "not for just cause." Award at 14.  This conclusion was based on his finding that the prior infractions that USPS had referred to in its notice of removal had been expunged and were no longer part of Coldren's record.  Declaring that consideration of such "invalid elements of record in a disciplinary actions taints the action," the arbitrator held that "reliance on invalid prior elements of record...is a violation of just cause concepts."  Id. 8-9.

Turning to remedy, the arbitrator awarded back pay and expungement but denied reinstatement.  In doing so, he cited two justifications.  The "technical justification" for not granting reinstatement was that APWU has not asked for reinstatement in the grievance itself or as part of its opening statement at the arbitration hearing, and thus "it could be said that the whole grievance procedure and the hearing were conducted on the basis of reinstatement not being in play."  Id. at 9.  The second justification was that the act Coldren had been charged with - using postal funds for personal expenses - is a "matter of

sufficient gravity as to preclude his reinstatement as part of the remedy for a meritorious grievance." Id. at 10.

## ANALYSIS

The union contends that the CBA requires an arbitrator who finds that there is no just cause for discharge to award reinstatement of the discharged employee. Pl.'s Opp'n. at 4. It points to Article 16 of the CBA, which states:

> In the administration of this Article, a basic principle shall be that discipline should be corrective in nature, rather than punitive. No employee may be disciplined or discharged except for just cause such as, but not limited to, insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work as requested, violation of the terms of this Agreement, or failure to observe safety rules and regulations. Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay.

APWU emphasizes the second sentence – it argues that because "[n]o employee may be disciplined or discharged except for just cause," an arbitrator's conclusion that removal was not for just cause requires that the removal be reversed. Pl.'s Opp'n. at 4. By contrast, defendant argues that the last sentence, which declares that arbitration "could" result in reinstatement, indicates that reinstatement is a possible remedy, but not a required one. Def.'s Mot. at 10.

My task is not to choose between these readings, but to determine whether the arbitrator's decision "draws its essence" from the CBA. United Steelworkers of America v. Enterprise Wheel

- 4 -

& Car Corp., 363 U.S. 593, 597 (1960).  This is a deferential standard.  If the arbitrator was "arguably construing or applying the contract," courts must defer to his judgment.  Madison Hotel v. Hotel and Restaurant Employees, Local 25, AFL-CIO, 144 F.3d 855, 858 (D.C. Cir. 1998) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38,(1987)).  This is true even if the "court is convinced he committed serious error."  Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62 (2000) (quoting Misco, 484 U.S. at 38).

     Although the arbitrator's opinion does not delve into the contrasting interpretations of Article 16, there is no indication that he considered any other authority in rendering his decision.  His conclusion states: "The award draws its essence from the arbitrator's interpretation of Article 16, Section 1 of the parties' agreement."  Award at 14.  Even if I believe that he has misread the agreement, I "cannot reject the award" on that ground.  Madison Hotel, 144 F.3d at 859 (citing Misco, 484 U.S. 29 at 38).  He is "arguably construing" the contract.  I must defer to his judgment.

                              * * * * *

     An appropriate order accompanies this memorandum.


                                     JAMES ROBERTSON
                           United States District Judge